### DUEBER WATCH-CASE MANUF'G CO. v. NOYES et al.

(Supreme Court, Special Term, New York County. October, 1892.)

CAUSING BOYCOTT—ACTION FOR DAMAGES—BILL OF PARTICULARS.

In an action by a manufacturer of watch cases against manufacturers and dealers in watches for damages for causing a boycott of plaintiff's goods, the complaint alleging that defendants agreed together not to sell goods to any person who should deal in plaintiff's goods, and caused notice thereof to be given to dealers, and that by reason thereof a number of dealers have refused to buy plaintiff's goods, alleges special damages, and defendants are entitled to a bill of particulars giving the names and addresses of such dealers.

Action by the Dueber Watch-Case Manufacturing Company against James H. Noyes and others to recover $500,000 damages for causing a boycott of the goods manufactured by plaintiff. Defendant Keystone Watch-Case Company moves for a bill of particulars. Motion granted in part.

For decision on appeal by defendant Keystone Watch-Case Manufacturing Company from so much of the order as denied the motion, see 21 N. Y. Supp. 342.

The complaint alleged that plaintiff was a corporation engaged in the business of manufacturing watch cases, and that defendants were engaged in the business of selling watch cases and watch movements; that defendants mutually agreed together, each for himself with all the others, that they would not thereafter sell any goods manufactured by them to any person, firm, association, or corporation whatever who thereafter should buy or sell any goods manufactured by plaintiff;

that defendants caused notice of said agreement or compact to be given to the many dealers in watches, watch cases, and watch movements in the United States and Canada, and to many of the then and theretofore purchasers and dealers in plaintiff's goods; that upon receipt of such notices a large number of the then and theretofore purchasers of and dealers in the watch cases manufactured by plaintiff withdrew their patronage, and ceased thereupon, entirely, to purchase or deal in any wise in plaintiff's goods. Defendants moved for a bill of particulars giving the names and addresses of the dealers, and the times and places when and where they refused to buy from plaintiff, and also plaintiff's losses of profits thereby.

William A. Abbott, for the motion.
Wilber & Oldham, opposed.

BEACH, J. I think the following adjudications support this application: Kraft v. Dingee, 38 Hun, 345; Childs v. Tuttle, 48 Hun, 228; Asylum v. Roosevelt, 35 Hun, 501. The averment in the complaint that dealers refused to buy plaintiff's goods because of defendants' action is in the nature of an allegation of special damages. Motion granted for specifications of names and addresses.